DECEMBER TERM, 1874. 453

Cauvin & Duprez *v.* The Mayor and City Council of Nashville.

CAUVIN & DUPRÉZ *v.* THE MAYOR AND CITY COUNCIL OF NASHVILLE, AND CAUVIN & BADEAUX *v.* SAME.

LICENSE TO KEEP BILLIARD TABLES. *Voluntary Payment. Right to recover back. Notice.* Where a party applying for license, said to the officer that he was charging too much, but entered no protest, gave no notice of any purpose to sue for the money back, and did not seriously contest the right to receive it, but paid it; *Held,* that his was a voluntary and not a compulsory payment, and the licensee cannot recover back the money. The payment must have been made on compulsion to prevent the immediate seizure of his goods, or arrest of person, and not voluntary.

Cases cited: Hubbard *v.* Martin, 8 Yerg., 499; Dickens *v.* Jones, 6 Yerg., 484; Morgan *v.* Palmer, 2 Barn. & Cres., 319; Elliott *v.* Swartwout, 10 Pet., 47, (Cur. Ed.)

FROM DAVIDSON.

Appeal from the Circuit Court. NATHANIEL BAXTER, Judge.

A. G. MERRITT for Cauvin.

W. K. McALLISTER for the city.

FREEMAN, J., delivered the opinion of the Court.

These are actions for money had and received, brought to recover, what is alleged to be an excess of money paid to obtain license for billiard tables. The City Recorder, whose duty it was to issue the license, construed the law to require payment of fifty dollars each on the first two tables, and twenty-five dollars each on the remaining number. This probably was the general construction of the law by the officers of the State and cities, until the question was brought before this Court a year or two since, when it was held that fifty dollars each on the first two tables, and twenty-five dollars on all the remaining ones, not on each, was the proper construction. After this decision these suits were brought.

The first payment was in 1864, which was made without objection or question. In 1865, when the license was renewed, it is shown that the party applying, said to the Recorder that he was charging too much. The Recorder insisted that he had not charged too much; that the law required the amount demanded, and it would have to be paid for the license. From the statement we [may infer that the matter complained of was the twenty-five dollars each on the remaining tables, after the first two. License was obtained after this, in 1866, without question.

These facts raise the matter for decision, and present the question whether a party paying a tax, demanded and received under the above circumstances,

can afterwards recover so much as was not properly demandable on suit against the corporation, the same having been paid into the treasury of the city.

It is conceded, and is settled law, that a voluntary payment made on a simple mistake of law as to the right of the party to receive it, cannot be recovered back. *Hubbard* v. *Martin,* 8 Yer., 499. It seems to be equally clear, and is assumed in perhaps all the cases, both those cited for plaintiff and defendant, that if paid under compulsion, it can be recovered. *Morgan* v. *Palmer,* 2 Barn. and Cres., 319; *Elliott* v. *Swartwout* 10 Pet., 47, (Cur. Ed.) The question then is, was the payment, under the facts of the case above recited, compulsory in the sense of the law, or voluntary? In the case of *Palmer* v. *Morgan,* a principle is stated that we must concede might sustain the view of plaintiff in this case; still in that case there was an element of difference from the present case; that is, that the party who received the money was held not to have received it by virtue of his office, but for himself individually. Without giving special importance, however, to this element, we may concede that the case, as we have said, favors the view of plaintiff, but is it sound in principle; and sustainable under our own cases, and the weight of authority? We think not. In the case of *Dickens* v. *Jones,* 6 Yer., 484, it was held that a payment of taxes to a sheriff, though the same was illegally and unconstitutionally assessed, could not be recovered back; the Court adds, especially after it had been paid over

to the treasury.    But the principle of the case is that such payment is voluntary and with a full knowledge of all the facts, and the party cannot be permitted, on change of his, views as to the law, to sue and recover the money.    The principle of this case would seem to contravene the one laid down by Abbott, Chief Justice, in the case of *Morgan* v. *Palmer*, that the parties must be on precisely equal terms in all respects, in order to make it a case of voluntary payment.    In the case; from 6 Yerg., the sheriff was collector of the public taxes, having the tax-book in his hands, which was equivalent to an execution, and demanded the money by virtue of his office, and received it as taxes, which, however, by law he was not authorized to receive.    The case before us is no stronger in principle than this.    The officer here only claimed so much to be due.    In one instance the plaintiff said it was too much, but entered no protest, gave no notice of any purpose to sue for it back, nor does he seem to have very seriously contested the right to receive it.    It was simply a case where the one party claimed so much was due on his view of the law, the other thought less was due, but yielded his view without serious objection, and paid it.    This was certainly a voluntary payment, unless the fact that the one party doubted the correctness of the claim, and the other party was an officer of the corporation, and might proceed and attempt to enforce it by law, could make it compulsory.    This cannot be, as the same thing may be done in every case of a claim by one party against another, however unfounded.    We must either abandon

the principle that a voluntary payment cannot be recovered, or else hold that this payment was conclusive on the party paying.   It is true, the question of notice of purpose to sue for the money back, is one of more importance where the officer is sued after he has paid over the money to the Treasury ; yet the principle of payment under compulsion or its being voluntary must be the same in both cases.   The correct principle is thus laid down by the Supreme Court of the United States, in the case of *Elliott* v. *Swartwout,* 10 Pet. R., p. 50–1, (Curt. Ed.) " that where a man demands money of another, as a matter of right, and that other with full knowledge of the facts upon which the demand is founded, has paid a sum of money voluntarily, he cannot recover it back.   It may be that on further view he may form a different opinion of the law, and it may be his subsequent opinion may be the correct one.   If we were to hold otherwise, say the Court, many inconveniences may arise.   There are many doubtful questions of law.   When they arise the defendant has an option either to litigate the question or submit to the demand and pay the money.   But it would be most mischievous and unjust if he who has acquiesced in the right by such voluntary payment should be at liberty at any time within the Statute of Limitation to rip up the matter, and recover back the money."

We add that it would not be just for the party to pay his money voluntarily on what he deemed an improper demand, especially in cases of revenue, and

wait until some one else has gone to the expense of maintaining and asserting his right, then come in and bring suit for recovery of the money back, where no notice is given of such purpose, or protest against the correctness of the demand, nor any extortion of it from him by virtue of process of the law.

It is true, in this case the license would not have been granted without the payment. The plaintiff so understood, and paid rather than contest the right. It was purely voluntary on his part, done of choice between paying and litigating. Having made his election he is bound by it, and cannot now claim, after some one else has had the question settled, to come in under the idea of an involuntary payment, and get the benefit of another's contest, which he was unwilling to make.

The correct principle is given in Dillon on Municipal Corporations, p. 857, Vol. 2. The payments must have been made on compulsion, to prevent the immediate seizure of his goods, or arrest of person, and not voluntary.

We hold, therefore, the payments were voluntary in this case, and the party not entitled to recover them back from the corporation.

Let the cases be affirmed.